SOUTHERN PACIFIC COMMUNICA-
TIONS CO., Petitioner,

v.

FEDERAL COMMUNICATIONS COM-
MISSION and United States of
America, Respondents,

American Telephone and Telegraph Co., Satellite Business Systems, Aerospace Industries Association of America, Inc., MCI Telecommunications Corporation, United States Transmission Systems, Inc., Aeronautical Radio, Inc., et al., Common Carrier Conference—Irregular Route, Intervenors.

AEROSPACE INDUSTRIES ASSOCIA-
TION OF AMERICA, Petitioner,

v.

FEDERAL COMMUNICATIONS COM-
MISSION and United States of
America, Respondents,

Aeronautical Radio, Inc., Air Transport Association of America, Ad Hoc Telecommunications Users Committee, American Telephone and Telegraph Co., MCI Telecommunications Corporation, United States Transmission Systems, Inc., Common Carrier Conference—Irregular Route, Intervenors.

Nos. 81–1594, 81–1674.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 21, 1982.
Decided June 22, 1982.

---

Mitchell F. Brecher, Washington, D. C., for Southern Pacific Communications Co., petitioner in No. 81–1594. James M. Tobin and Daniel A. Huber, Washington, D. C., also entered appearances for petitioner in No. 81–1594.

Michael H. Rosenbloom, Washington, D. C., with whom Arthur Scheiner and Dennis Lane, Washington, D. C., were on the brief for Aerospace Industries Ass'n of America, Inc., petitioner in No. 81–1674.

John E. Ingle, Counsel, F. C. C., Washington, D. C., for respondents. Stephen A. Sharp, Gen. Counsel, Daniel M. Armstrong, Associate Gen. Counsel, C. Grey Pash, Jr. and Lisa B. Margolis, Counsel, F. C. C., Washington, D. C., were on the brief for respondent F. C. C. Robert B. Nicholson and James H. Laskey, Attys., Dept. of Justice, Washington, D. C., also entered appearances for respondent, the U. S.

Charles Lister, Washington, D. C., with whom Alfred A. Green, Francine J. Berry, New York City, and Raymond F. Burke, Bedminster, N. J., were on the brief for American Tel. and Tel. Co., intervenor in Nos. 81–1594 and 81–1674.

* Sitting by designation pursuant to 28 U.S.C.

Michael H. Bader, Kenneth A. Cox, William J. Byrnes, John M. Pelkey, Washington, D. C., Philip S. Nyborg, Arlington, Va., and Ruth S. Baker-Battist, Washington, D. C., entered appearances for MCI Telecommunications Corp., intervenor in Nos. 81–1594 and 81–1674.

John L. Bartlett and Danny E. Adams, Washington, D. C., entered appearances for Aeronautical Radio, Inc., et al., intervenor in Nos. 81–1594 and 81–1674.

James E. Landry, Washington, D. C., entered an appearance for Air Transport Ass'n of America, intervenor in No. 81–1674.

Randall B. Lowe, Washington, D. C., entered an appearance for U. S. Transmission Systems, Inc., intervenor in Nos. 81–1594 and 81–1674.

Leonard A. Jaskiewicz and Robert R. Harris, Washington, D. C., entered appearances for Common Carrier Conference—Irregular Route, intervenor in Nos. 81–1594 and 81–1674.

F. Thomas Tuttle, Harold David Cohen and Jack N. Goodman, Washington, D. C., entered appearances for Satellite Business Systems, intervenor in No. 81–1594.

Joseph M. Kittner and Randolph J. May, Washington, D. C., entered appearances for Ad Hoc Telecommunications Users Committee, intervenor in No. 81–1674.

Before MIKVA and GINSBURG, Circuit Judges, and PALMIERI,* Senior District Judge for the Southern District of New York.

PER CURIAM.

JUDGMENT

These petitions for review of orders of the Federal Communications Commission were briefed and argued by counsel. The court has accorded the petitions full consideration and has determined that abbreviat-

§ 294(d).

ed disposition is appropriate. *See* D.C. Cir.R. 13(c).

As further detailed in the accompanying memorandum, the petitions raise questions the Commission is now proceeding to consider and resolve, hence court review would be premature. It is therefore

ORDERED and ADJUDGED that, the Commission having reached no final decisions as to the issues on which the petitioners seek review concerning the lawfulness of the current WATS tariff, the petitions for review are denied; and it is further

ORDERED and ADJUDGED, pursuant to this court's retention of jurisdiction in *MCI Telecommunications Corp. v. FCC*, 627 F.2d 322 (D.C.Cir.1980), that the Commission file with the court, within 60 days, an estimated time schedule for final resolution of the pending WATS investigation and quarterly reports thereafter on progress toward such resolution.

## MEMORANDUM

Petitioners Southern Pacific Communications Co. (SPCC) and Aerospace Industries Association of America, Inc. challenge particular provisions of American Telephone and Telegraph Company's (AT&T) WATS tariff, now under investigation by the Federal Communications Commission (Commission or FCC), and effective by operation of law on an interim basis. *See* 47 U.S.C. § 204(a). We find both petitions premature. The Commission elected to proceed with its investigation of the lawfulness of the current tariff in two phases.[1] In the initial phase, the Commission took only one final action: it prescribed, generically, time-of-day sensitive pricing for any WATS tariff.[2] The second stage of the investigation is now underway. In an opinion and order released April 16, 1982,[3] the Commission set out and scheduled for comment a range of issues, including those raised by the petitioners. Therefore the petitions do not present to this court final Commission decisions ripe for judicial review. The matters currently before the Commission are complex and important; they should be resolved expeditiously, but not in advance of an opportunity for expression of views by all interested parties and reasoned consideration by the Commission in light of those views.

Nor can we conclude, at this juncture, that the course the Commission is pursuing violates this court's mandate in *MCI Telecommunications Corp. v. FCC*, 627 F.2d 322, 345 (D.C.Cir.1980). In *MCI*, the court required the FCC to adopt and follow a schedule for "final determination of a just and reasonable WATS tariff." *Id.* Since the *MCI* decision, the FCC has prescribed resale and sharing of WATS and MTS[4] and has established interim cost allocation guidelines for AT&T's interstate offerings.[5] In January 1981, the Commission reported to the *MCI* panel its plan to bifurcate the investigation of the tariff now in place.[6]

1. *See* American Tel. & Tel. Co., 84 F.C.C.2d 158, 212 (1980) (suspending proposed WATS tariff revisions for statutory-maximum five months, ordering investigation into lawfulness of AT&T's failure to include time-of-day pricing in the tariff, and deferring other issues).

2. American Tel. & Tel. Co., 86 F.C.C.2d 820, 824, 826, 830 (1981) (prescribing, pursuant to 47 U.S.C. § 205, that "a just, reasonable, and fair WATS tariff must include a time-of-day sensitive rate element," permitting tariff revisions, supplemented by time-of-day overlay, to go into effect pending investigation in second phase of the proceeding, and undertaking to "issue an order designating the questions and timetables which will control the second stage of the WATS investigation").

3. American Tel. & Tel. Co., CC Docket No. 80–765 (FCC Apr. 16, 1982).

4. Regulatory Policies Concerning Resale and Shared Use of Common Carrier Domestic Public Switched Network Services, 83 F.C.C.2d 167 (1980).

5. American Tel. & Tel. Co., 84 F.C.C.2d 384, *recon. denied*, 86 F.C.C.2d 667 (1981), *aff'd sub nom. MCI Telecommunications Corp. v. FCC*, 675 F.2d 408 (D.C.Cir.1982).

6. Attachment to FCC's Further Report to the Court, filed Jan. 16, 1981, *MCI Telecommunications Corp. v. FCC*, 627 F.2d 322 (D.C.Cir. 1980).

No party then raised an objection and the panel took no action in response to the FCC's report. We further appreciate that this court's recent decision in *Ad Hoc Telecommunications Users Committee v. FCC*, 680 F.2d 790 (D.C.Cir.1982), vacating the Commission's *Like Services* decision,[7] will require adjustment of the second phase of the WATS tariff investigation. Indeed, petitioner SPCC faulted the Commission, particularly, for failure to implement that now vacated decision and represented to this court: "Had the Commission applied [its *Like Services*] decision . . . to its evaluation of the current WATS tariff, much of the reason underlying SPCC's filing of its petition for review would have been obviated."[8]

The Commission has stated its intention to proceed expeditiously with the second stage of the WATS investigation. To assure that the Commission does not lose sight of this court's instruction in *MCI*, and consistent with the court's retention of jurisdiction in that proceeding, we instruct the Commission to file with this court, within 60 days, an estimated time schedule, in view of developments subsequent to the *MCI* decision, for final resolution of the pending WATS investigation, and, thereafter, to report quarterly to the court on progress toward such resolution.

7. American Tel. & Tel. Co., 70 F.C.C.2d 593 (1978), *recon. denied*, 79 F.C.C.2d 10 (1980).

8. Reply Brief for Petitioner Southern Pacific Communications Co. at 8.